IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **LINDA SCHMIDT,** *individually, and as the Special Administrator of David Smith, deceased,* | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 21-cv-1036-DDC |
| **AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I.,** | )<br>)<br>)<br>) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on movant Bull Attorneys, P.A., f/k/a Brad Pistotnik Law, P.A.'s Amended Motion to Intervene (ECF No. 50). Bull Attorneys, P.A., f/k/a Brad Pistotnik Law, P.A. ("Pistotnik") seeks an order allowing it to intervene in this action as of right pursuant to Federal Rule of Civil Procedure 24(a)(2). Linda Schmidt, who appears individually and as the Special Administrator of the Estate of David Schmidt, deceased, opposes the motion. Defendant American Family Mutual Insurance Company, S.I. filed no response. For the reasons set forth below, the Court will grant the motion.

On May 5, 2020, Pistotnik entered into a fee agreement to represent David and Linda Schmidt following a pedestrian-vehicle collision that occurred the day before, leaving David injured. The fee agreement provided that Pistotnik would represent the Schmidts "to manage claims for personal injuries, wrongful death, and/or any other claims" arising out of the incident. On October 17, 2020, David died. Soon thereafter, his heirs executed the same fee agreement to

maintain Pistotnik's authority to prosecute claims.[1] Over time, Pistotnik initiated a worker's compensation claim that was resolved by settlement; a negligence claim against the driver of the vehicle that hit David which also settled before filing suit; and on February 8, 2021, Pistotnik filed this action against American Family Mutual Insurance Company for underinsured motorist coverage.

Within weeks after an unsuccessful mediation in this case on August 10, 2021, Linda decided to terminate her relationship with Pistotnik. In her individual capacity and as the Special Administrator of David's estate, Linda retained the legal services of Matthew Bretz, who entered his appearance on September 17, 2021, and has continuously represented Plaintiffs[2] since then. When Pistotnik learned it had been terminated as counsel for Plaintiffs, it served a Notice of Attorney Lien on American Family and on Bretz.

The parties have now reached a settlement. Upon learning of the settlement and apparently being unable to reach agreement with Bretz on the amount Pistotnik should be paid for its work before Bretz entered his appearance, Pistotnik now moves to intervene to have the court determine the amount due under the Lien. In accordance with K.S.A. 60-1905, District Judge Crabtree has set a Settlement Approval hearing for May 12, 2022.[3]

## Legal Standards

Under Federal Rule of Civil Procedure 24(a)(2), upon timely motion, the Court must permit anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter

---

[1] On November February 1, 2021, Brad Pistotnik, P.A. caused the name of its corporation to be changed to Bull Attorneys, P.A.

[2] The plural reference indicates Linda's appearance in two capacities.

[3] *See* ECF No. 58.

impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."[4] The Tenth Circuit holds a movant is entitled "to intervene as of right if: (1) the movant claims an interest relating to the property or transaction that is subject of the action; (2) the disposition of the litigation may, as a practical matter, impair or impede the movant's interest; and (3) the existing parties do not adequately represent the movant's interest."[5]

## Analysis

Pistotnik acknowledges and addresses each required element of Rule 24(a)(2), which the Court discusses below.

1.      Claimed Interest

Pistotnik begins with his asserted interest in the property at issue in this action. There is no dispute that the settlement in this wrongful death case is subject to approval under K.S.A. 60-1905, which requires the court to apportion the recovery "after the allowance by the judge of costs and reasonable attorneys fees to the attorneys for the plaintiffs." Pistotnik and Bretz seemingly agree their dispute over the division of attorneys fees does not affect the net recovery Plaintiffs will receive if Judge Crabtree approves the terms of the parties' settlement.[6]

To the extent Bretz addresses this factor, he does not dispute that Pistotnik is claiming an interest in property that is the subject of this case. Although Bretz argues against intervention, he

---

[4] Fed. R. Civ. P. 24(a)(2).

[5] *Wyandotte Nation v. Salazar*, No. 11-cv-2656-JAR-DJW, 2014 WL 1231857 (D. Kan. Apr. 11, 2012) (quoting *WildEarth Guardians v. Nat'l Park Serv.*, 604 F.3d 1192, 1198 (10th Cir. 2010)).

[6] "[N]o matter what attorney fees and expenses are allowed to Pistotnik as opposed to Bretz, under Pistotnik's contingent-fee agreement the Estate will receive the same net amount." Reply (ECF No. 57) at 2.

3

recognizes that "Pistotnik's apparent motivation is protection of his alleged lien."[7] Because the court must determine the reasonableness of the attorneys fees, no matter to whom they are awarded, before subtracting those fees and costs from the total settlement to arrive at the net amount of Plaintiffs' recovery, Pistotnik clearly claims an interest "relating to the property or transaction that is the subject of the action." The motion demonstrates Pistotnik meets the first requirement of Rule 24(a)(2)(b).

2.   Ability to Protect Interest

Pistotnik next contends it is so situated that disposing of the action may as a practical matter impair or impede its ability to protect its lien. Because Pistotnik no longer represents Plaintiffs, it does not have filing privileges and cannot advocate its position in this case unless it is permitted to intervene. Pistotnik fears that absent intervention, it will be foreclosed from asserting a claim, including one under the lien. Bretz not only disagrees that intervention is Pistotnik's only avenue to assert a claim for fees, but he affirmatively asserts intervention "is not the proper remedy for Pistotnik's attempted action."[8] In support, Bretz cites K.S.A. 7-108, which states as follows:

> An attorney has a lien for a general balance of compensation upon any papers of his or her client which have come into the attorney's possession in the course of his or her professional employment, upon money in the attorney's hands belonging to the client, and upon money due to the client and in the hands of the adverse party, in any matter, action or proceeding in which the attorney was employed, from the time of giving notice of the lien to the party; such notice must be in writing, and may be served in the same manner as a summons, and upon any person, officer or agent upon whom a summons under the laws of this state may be served, and may also be served upon a regularly employed salaried attorney of the party.[9]

---

[7] Response (ECF No. 54) at 3.

[8] ECF No. 54 at 3.

[9] K.S.A. 7-108.

4

Bretz offers no explanation for the citation, and on its face the statute does not prescribe a procedural mechanism an attorney must follow to collect on a lien. Pistotnik has provided unrefuted evidence that he served the lien on American Family and on Bretz, thereby complying with the statute's notice requirement. But Bretz asserts Pistotnik is also required to file a notice of lien with the court, quoting the following passage from *Northwest Centre, LLC v. National American University*, No. 6:19-cv-01215-EFM-ADM, 2020 WL 4200826 (D. Kan. July 22, 2020): "After an attorney files notice of a lien with the court, 'the sufficiency of a claimed lien may be determined by the court on the hearing of a motion to set aside the lien filed by a party whose interest is sought to be subjected to payment.'"[10] The issue Judge Melgren addressed in *Northwest Centre* has nothing to do with the notice requirement, but instead focuses solely on whether the assets the attorney was attempting to claim were within the statute's reach. The attorney apparently chose to file his lien with the court, but the case is silent on any requirement that he do so. The Court rejects Bretz's argument that K.S.A. 7-108 automatically forecloses Pistotnik's motion to intervene.

Bretz next claims Pistotnik has "no good interest to protect in the instant case"[11] because it negligently represented Plaintiffs and is entitled to no fees. This argument addresses the merits of Pistotnik's asserted entitlement to attorneys fees, which is not the issue currently before the Court. At this point, Pistotnik is merely seeking permission to intervene so it may protect its interest before the settlement proceeds are distributed. While denying Pistotnik is entitled to any fees, Bretz suggests the proper forum for Pistotnik to litigate this issue would be as a counterclaim to the malpractice action Bretz filed on April 19, 2022, in the District Court of

---

[10] 2020 WL 4200826, at *1.

[11] ECF No. 54 at 12.

Reno County, Kansas on behalf of David's heirs and Linda against Pistotnik. Bretz filed the malpractice case the day after Pistotnik filed this motion. But a counterclaim would by definition be asserted against one or more of the plaintiffs in the malpractice case, and would seek to hold them responsible to pay Pistotnik's fees for is representation of Plaintiffs in this action. As the parties agree, if Pistotnik is permitted to intervene and then prevails on its claim for fees, Plaintiffs' recovery will not be diminished. And if Pistotnik is not permitted to intervene or does intervene but receives no fee award, Plaintiffs' recovery will not increase. The settlement agreement recites the total amount of requested Plaintiffs' attorneys fees. That amount—or whatever amount Judge Crabtree finds reasonable—will be paid to Bretz or will be divided between Pistotnik and Bretz,[12] but the total amount of Plaintiffs' attorneys fees will not change. Pistotnik isn't seeking to make a claim against Plaintiffs, which means Pistotnik cannot protect its lien by asserting a counterclaim against Plaintiffs in the malpractice action.

If the Court denies Pistotnik permission to intervene and Judge Crabtree awards all requested attorneys fees to Bretz, apportions the net recovery, and enters judgment, Pistotnik may have no other available avenue to assert its lien or otherwise receive payment. The Court therefore finds Pistotnik has adequately demonstrated it is so situated that disposing of this action may as a practical matter impair or impede Pistotnik's ability to protect its interest.

3.  Whether Existing Parties Adequately Represent Pistotnik's Interest

---

[12] An allocation of attorneys fees between competing claims is contemplated by K.S.A. 60-1095 and has been resolved in this district following the grant of a motion to intervene and participation in the settlement hearing by the intervenors. K.S.A. 60-1905 ("The net amount recovered . . . , after the allowance by the judge of costs and reasonable attorneys fees to the attorneys for the plaintiffs, in accordance with the services performed by each if there be more than one, . . ."); s*ee Turman v. Ameritruck Refrigerated Transport, Inc.*, 125 F. Supp. 2d 444 (D. Kan. 2000) (granting motion to intervene by minor children of decedent but denying their motion for attorneys fees).

Pistotnik argues that Plaintiffs and American Family will not adequately represent its interest in the settlement funds. Plaintiffs do not address this factor. Instead, much of their response focuses on their complaints about the alleged inadequacy of Pistotnik's representation of Plaintiffs before they terminated the relationship, and on allegedly sanctionable conduct in Pistotnik's first Motion to Intervene.[13] But those arguments attack whether Pistotnik is entitled to the fees it seeks, and not whether Pistotnik should be able to assert its entitlement by intervening in this action. Given the content and tone of Plaintiffs' response, the Court agrees the parties will not adequately represent Pistotnik's interest in the settlement funds.

4.  Conclusion

Bretz also challenges the timeliness of the motion to intervene, asserting Pistotnik should have filed it before the case was settled and predicting intervention would delay resolution for the parties. The Court disagrees. First, Judge Crabtree has set the settlement approval hearing for May 12, 2022. As discussed above, the amount of attorneys fees contemplated by the parties' settlement is static and the ruling on Pistotnik's motion will not change the total. Second, Pistotnik asserted its attorneys lien to Defendant American Family the day after undertaking this representation, and served notice of the lien to American Family and Bretz immediately upon learning Bretz would be replacing Pistotnik as Plaintiffs' counsel. At that point the case was not settled, and Pistotnik did not know if its interest needed protection or if existing parties would adequately represent its interest. Pistotnik could not have satisfied the Rule 24(a)(2) requirements until the case settled without provision for attorneys fees to be shared with Pistotnik.

---

[13] *See* ECF No. 48. The Court found the original motion moot when Pistotnik filed this Amended Motion. *See* ECF No. 53.

Because the motion was timely made and the Court concludes Pistotnik has satisfied the elements of Rule 24(a)(2), the court must grant the motion.[14] The Court grants Pistotnik leave to intervene and will permit Pistotnik to electronically file its Verified Complaint in Intervention (ECF No. 50-1).

**IT IS THEREFORE ORDERED** that Bull Attorneys, P.A., f/k/a Brad Pistotnik Law, P.A.'s Amended Motion to Intervene (ECF No. 50) is granted. Bull Attorneys, P.A., f/k/a Brad Pistotnik Law, P.A. shall electronically file its Verified Complaint in Intervention (ECF No. 50-1) within one business day of the date of this order.

**IT IS SO ORDERED**.

Dated this 6th day of May, 2022, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge

---

[14] "On timely motion, the court must permit anyone to intervene who [satisfies Rule 24(a)(1) or (2)]." Fed. R. Civ. P. 24(a).