IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| **LINDA SCHMIDT,**<br>**Individually, and as Special**<br>**Administrator of the**<br>**ESTATE OF DAVID SCHMIDT,**<br><br>             **Plaintiff,**<br><br>v.<br><br>**AMERICAN FAMILY MUTUAL**<br>**INSURANCE COMPANY, S.I.,**<br><br>             **Defendant.** | Case No. 21-1036-DDC |

## MEMORANDUM AND ORDER

This matter comes before the court on the parties' announcement that they have reached a settlement agreement in this action. As the Kansas Wrongful Death Act requires, the court conducted a settlement hearing on May 12, 2022. Plaintiff Linda Schmidt appeared by her attorney, Matthew L. Bretz of Bretz Injury Law, LLC ("Bretz"). Defendant American Family Mutual Insurance Company appeared by Brooks Severson of Fleeson, Gooing, Coulson & Kitch, LLC. Intervenor Bull Attorneys, P.A., f/k/a Brad Pistotnik Law, P.A. ("Bull Attorneys") appeared by Edward L. Robinson of Robinson Law Firm, LLC.

This Order approves plaintiff's net recovery and the proposed apportionment. But it leaves the attorney's fees issue for another day.

**I.   Findings of Fact**

The court, after reviewing the parties' submissions and hearing the testimony presented at the hearing and after due consideration, finds as follows:

1. This action was brought by Linda Schmidt, in her individual capacity and as the Special Administrator of the Estate of David Schmidt. Linda Schmidt is David Schmidt's surviving spouse.

2. Linda Schmidt brought this action before the court, asking for approval of a wrongful death settlement, under Kan. Stat. Ann. §§ 60-1901–60-1905, allegedly arising out of a pedestrian and motor vehicle related collision.

3. On May 4, 2020, David Schmidt was struck by a vehicle operated by Christine Dunigan while crossing the street in Reno County, Hutchinson, Kansas.

4. As a result of the accident, David Schmidt sustained personal injuries and incurred medical expenses. David Schmidt died on October 17, 2020, from Covid-19, allegedly contracted while receiving medical treatment for the injuries sustained in the accident.

5. David Schmidt was married to plaintiff Linda Schmidt at the time of the accident and at his death. He also was survived by two adult children, Angela Mendoza and David W. Schmidt, Jr. Linda Schmidt, Angela Mendoza, and David W. Schmidt, Jr. are the sole heirs-at-law of David Schmidt and are the only parties legally entitled to recover from his wrongful death under Kan. Stat. Ann. § 60-1901. Linda Schmidt testified that Angela Mendoza and David W. Schmidt, Jr. are David Schmidt's only children.

6. An Estate was opened on behalf of David Schmidt. Linda Schmidt was appointed as the Special Administrator of the Estate. The Estate is not making a survival action claim and the Estate is waiving any right to proceeds from the settlement.

7. Ms. Dunigan's liability carrier (also American Family) paid its policy limits of $250,000 to plaintiff.

8. At the time of the accident, David Schmidt was covered by a Family Car Policy and a Personal Liability Umbrella Policy issued by American Family. The Family Car Policy provided underinsured motorist benefits with limits of $250,000 per person. The Personal Liability Coverage policy provided coverage of $1,000,000.

9. American Family extended a settlement offer in the amount of $300,000 to resolve all claims arising out of the May 4, 2020, accident, including the alleged wrongful death claim of David Schmidt.

10. Linda Schmidt, Angela Mendoza, and David Schmidt, Jr., as the heirs-at-law of David Schmidt, accepted the offer of settlement.

11. Both of David Schmidt's surviving children, Angela Mendoza and David W. Schmidt, Jr., waive any claim to the wrongful death settlement proceeds and submit that the proceeds should be allocated solely to their mother, Linda Schmidt. Linda Schmidt testified that she discussed this apportionment with her children. The surviving children attended the settlement hearing and testified. They confirmed that they are asking the court to approve the settlement and apportion the entirety of the net proceeds to their mother, Linda Schmidt.

12. Linda Schmidt testified that she believes that the proposed settlement with defendant is fair and reasonable considering all the facts and circumstances.

13. Linda Schmidt testified that she is asking the court to approve the settlement and release American Family from any and all remaining claims under the underinsured motorist coverage.

14. The settlement proposes that:

   a. American Family will issue payment in the amount of One Hundred Eighty-Eight Thousand Five Hundred Eighty Dollars and 42/100 ($188,580.42) to the Trust Account of Bretz Law Injury, LLC, and Linda Schmidt for the wrongful death settlement of David Schmidt.

>       These proceeds will be allocated solely to Linda Schmidt for the wrongful death of David Schmidt.
>
> b.    The remaining settlement proceeds consisting of One Hundred and Eleven Thousand Four Hundred Nineteen Dollars and 58/100 ($111,419.58) are reserved for an allocation of attorney's fees and expenses to Bretz Law Injury, LLC and Ms. Schmidt's former attorneys, Intervenor Bull Attorneys. Once this issue is resolved, American Family will issue payment as directed by order of this court or any other court resolving this fee allocation dispute.
>
> c.    American Family is entitled to, and this Order contains, a full, final, and complete release from any and all claims arising out of the matter referenced in the Complaint filed herein.
>
> d.    When the judgment is satisfied, as set forth above, a full and complete satisfaction of judgment against defendant shall be entered.

After considering the parties' submissions, the testimony given at the settlement hearing, and counsel's comments, the court is prepared to rule on the proper apportionment of the wrongful death settlement.

## II.    Legal Standard

As a federal court sitting in diversity, the court "appl[ies] the substantive law of the forum state, Kansas." *Cohen-Esrey Real Est. Servs., Inc. v. Twin City Fire Ins. Co.*, 636 F.3d 1300, 1302 (10th Cir. 2011). As already discussed, plaintiff brings this action under the Kansas Wrongful Death Act. The Kansas Wrongful Death Act requires the court to apportion the recovery in a Kansas Wrongful Death Act case after conducting a hearing. Kan. Stat. Ann. § 60-1905. This act provides that the court, first, should allow costs and reasonable attorney's fees for plaintiff's counsel. *Id.* The act then directs the court to apportion the recovery among the heirs in proportion to the loss sustained by each one. *Id.*; *see also Flowers v. Marshall*, 494 P.2d 1184, 1187 (Kan. 1972) (explaining that the statute "provides for an apportionment among the

heirs of any amount recovered to be made by the trial court according to the loss sustained by each"). The full text of § 60-1905 provides:

> The net amount recovered in any such action, after the allowance by the judge of costs and reasonable attorneys fees to the attorneys for the plaintiffs, in accordance with the services performed by each if there be more than one, shall be apportioned by the judge upon a hearing, with reasonable notice to all of the known heirs having an interest therein, such notice to be given in such manner as the judge shall direct. The apportionment shall be in proportion to the loss sustained by each of the heirs, and all heirs known to have sustained a loss shall share in such apportionment regardless of whether they joined or intervened in the action; but in the absence of fraud, no person who failed to join or intervene in the action may claim any error in such apportionment after the order shall have been entered and the funds distributed pursuant thereto.

The Kansas Wrongful Death Act allows recovery of damages including: (1) mental anguish, suffering, or bereavement; (2) loss of society, companionship, comfort, or protection; (3) loss of marital care, attention, advice, or counsel; (4) loss of filial care or attention; (5) loss of parental care, training, guidance, or education; and (6) reasonable funeral expenses for the deceased. Kan. Stat. Ann. § 60-1904. This statute thus allows the court to apportion both pecuniary and non-pecuniary losses. *Turman v. Ameritruck Refrigerated Transport, Inc.*, 125 F. Supp. 2d 444, 450–55 (D. Kan. 2000); *see also* Kan. Stat. Ann. § 60-1903 (describing damages the court or jury may award in a wrongful death action).

Pecuniary damages in a wrongful death action are those that "can be estimated in and compensated by money." *Turman*, 125 F. Supp. 2d at 453 (quoting *McCart v. Muir*, 641 P.2d 384, 391 (Kan. 1982)). Pecuniary damages "should be equivalent to those pecuniary benefits or compensation that reasonably could have resulted from the continued life of the deceased." *Id.* (quoting *McCart*, 641 P.2d at 391). Pecuniary damages "include losses of such things as marital or parental care, services, training, advice, and financial support." *Id.* Non-pecuniary damages, on the other hand, are generally intangible and may include compensation for "mental anguish,

bereavement, loss of society, and loss of companionship." *Id.* at 451 (quoting *McCart*, 641 P.2d at 391). "The Kansas Supreme Court has recognized that 'while these [intangible damages] are nebulous and impossible to equate satisfactorily with money, they nonetheless are very real and onerous to a bereaved [family member], often far outweighing in severity and permanent effect the pecuniary loss involved.'" *Id.* (quoting *Corman v. WEG Dial Tel., Inc.*, 402 P.2d 112, 115 (Kan. 1965)).

### III.   Analysis

The court addresses the settlement in the order that Kan. Stat. Ann. § 60-1905 presents them. It thus begins with the dispute about attorney's fees.

####    A.   Attorney's Fees

In 2020, David and Linda Schmidt retained the Bull Attorneys to represent them. Doc. 50 at 1. In September 2021, after David Schmidt passed away, plaintiff terminated the Bull Attorneys and retained Bretz to represent them in this action. *Id.* at 2. After plaintiff reached this settlement with American Family, the Bull Attorneys filed a motion to intervene in this action under Fed. R. Civ. P. 24(a)(2). *See generally id.* Magistrate Judge Teresa J. James granted the Bull Attorneys's Amended Motion to Intervene (Doc. 50). Doc. 59.

Bull Attorneys and Bretz dispute the appropriate division of attorney's fees. But both Bull Attorneys and Bretz agree that this fee dispute doesn't affect plaintiff's net recovery. So, the court has bifurcated the proceedings required by Kan. Stat. Ann. § 60-1905 and will defer the attorney's fees dispute for further proceedings. This Order rules only the apportionment of the settlement.

### B.     Apportionment of Settlement

Next, the court considers how to apportion the wrongful death settlement proceeds. Plaintiff asked the court to allocate 100% of the settlement proceeds to Linda Schmidt. At the hearing, the court heard testimony from Linda Schmidt and the two adult children she shares with David Schmidt, Angela Mendoza and David W. Schmidt, Jr. All three witnesses confirmed the facts of the case. Linda Schmidt testified that she discussed the proposed apportionment with her children. And both children testified that they want the entire settlement apportioned to their mother. Plaintiff's counsel explained that Linda Schmidt was wholly dependent on her husband, David Schmidt, for support. David Schmidt was employed when he died, and he was the sole wage-earner in the family. The family's two adult children were not dependent on David Schmidt.

The court finds that apportioning 100% of the $188,580.42 in settlement proceeds to Linda Schmidt is fair, reasonable, and consistent with Kansas law. Linda Schmidt is David Schmidt's surviving widow and she depended on his income. The court concludes that this apportionment is "in proportion to the loss sustained by each of the heirs[.]" Kan. Stat. Ann. § 60-1905. The court thus apportions $188,580.42 of the settlement to Linda Schmidt.

**IT IS THEREFORE ORDERED BY THE COURT THAT** that the settlement reached between plaintiff and defendant, as set forth above, is approved. The attorney's fees issue remains pending.

**IT IS SO ORDERED.**

Dated this 16th day of May, 2022, at Kansas City, Kansas.

                                        s/ Daniel D. Crabtree
                                        Daniel D. Crabtree
                                        United States District Judge